Filed 3/2/22  P. v. Bermudez CA5

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>ACENCION BERMUDEZ,<br><br>    Defendant and Appellant. | F080586, F080590, F080591<br><br>(Kern Super. Ct. Nos. BF168991A, BF164915A, BF168492A)<br><br>**OPINION** |

### THE COURT[*]

APPEAL from judgments of the Superior Court of Kern County.  Judith K. Dulcich, Judge.

Rex Adam Williams, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta and Xavier Becerra, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, Carlos A. Martinez, Jeffrey D. Firestone and Kari Ricci Mueller, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

---

[*]    Before Poochigian, Acting P. J., Meehan, J. and Snauffer, J.

Defendant Acencion Bermudez contends on appeal that the three one-year prior prison term enhancements, imposed based on his prior felony convictions for drug possession and sale and firearm possession, should be stricken pursuant to Penal Code section 667.5, subdivision (b),[1] as amended by Senate Bill No. 136 (2019–2020 Reg. Sess.) (Senate Bill 136) and section 1171.1, as added by Senate Bill No. 483 (2021–2022 Reg. Sess.) (Senate Bill 483). The People concede the enhancements should be stricken and defendant's term of imprisonment should be reduced.

We also ordered the parties to submit supplemental briefing regarding the impact of Senate Bill No. 567 (2021–2022 Reg. Sess.) (Senate Bill 567), which modified section 1170, subdivision (b), to require imposition of the middle term of imprisonment unless circumstances in aggravation justify imposition of a greater sentence. (Stats. 2021, ch. 731, § 1.3.) It further modified section 1170, subdivision (b), to require that the circumstances in aggravation be found true beyond a reasonable doubt or be stipulated to by the defendant. (*Ibid*.) The parties agree that defendant is entitled to the benefit of Senate Bill 567. We accept the People's concessions. We strike the prior prison term enhancements, vacate defendant's sentence, and remand for resentencing consistent with the changes brought about by Senate Bill 567. In all other respects, we affirm.

## PROCEDURAL SUMMARY

On October 4, 2016, the Kern County District Attorney filed an information in case No. BF164915A (Court of Appeal case No. F080590) charging defendant with possession of methamphetamine for sale (Health & Saf. Code, § 11378; count 1). The information further alleged that defendant had suffered a prior felony "strike" conviction within the meaning of the "Three Strikes" law (§§ 667, subds. (b)–(i), 1170.12, subds. (a)–(d)) and had served three prior prison terms for possession of a firearm by a felon (former § 12021, subd. (a)(1)), possession of a controlled substance (Health & Saf.

---

[1]     All further statutory references are to the Penal Code unless otherwise stated.

Code, § 11377, subd. (a)), and sale of a controlled substance (Health & Saf. Code, § 11379, subd. (a)).

On November 2, 2017, the Kern County District Attorney filed an amended information in case No. BF168492A (Court of Appeal case No. F080591) charging defendant with possession of methamphetamine for sale (Health & Saf. Code, § 11378; count 1) and misdemeanor possession of methamphetamine (Health & Saf. Code, § 11377, subd. (a); count 2). The information further alleged as to count 1 that defendant was on pretrial release in another criminal action at the time he committed the offenses (§ 12022.1), had suffered a prior felony "strike" conviction (§§ 667, subds. (b)–(i), 1170.12, subds. (a)–(d)), and had served three prior prison terms (§ 667.5, former subd. (b)) for possession of a firearm by a felon (former § 12021, subd. (a)(1)) and two convictions of sale of a controlled substance (Health & Saf. Code, § 11379, subd. (a)).

On the same date, the Kern County District Attorney filed an amended information in case No. BF168991A (Court of Appeal case No. F080586) charging defendant with unlawful taking or driving of a vehicle (Veh. Code, § 10851, subd. (a); count 1), receiving a stolen vehicle (§ 496d, subd. (a); count 2), evading a peace officer (Veh. Code, § 2800.2; count 3), and misdemeanor possession of methamphetamine (Health & Saf. Code, § 11377, subd. (a)). As to counts 1 through 3, the amended information further alleged defendant was on pretrial release in two other criminal actions at the time he committed the offenses (§ 12022.1), had suffered a prior felony "strike" conviction (§§ 667, subds. (b)–(i), 1170.12, subds. (a)–(d)), and had served two prior prison terms (§ 667.5, former subd. (b)) for possession of a firearm by a felon (former § 12021, subd. (a)(1)) and sale of a controlled substance (Health & Saf. Code, § 11379).

On September 11, 2019, defendant entered a plea agreement resolving the charges at issue in all three cases. Defendant pled no contest to count 1 in case No. BF164915A and admitted he had suffered a prior strike conviction and had served three prior prison

3.

terms; pled no contest to counts 1 and 3 in case No. BF168991A and admitted he was on pretrial release at the time he committed count 1; and pled no contest to count 1 in case No. BF168492A. In exchange for his plea, the plea agreement specified a "15 year prison lid" and required dismissal of all other charges and allegations.

On November 19, 2019, the trial court sentenced defendant to 15 years in prison as follows: on count 1 of case No. BF168991A, six years (the upper term), plus a two-year enhancement for having committed the offenses while on pretrial release; on count 3 of the same case, one year four months (one-third of the middle term) to be served consecutively to the sentence on count 1; on count 1 of case No. BF164915A, one year four months (one-third of the middle term), plus three one-year prior prison term enhancements to be served consecutively to the sentence on count 1; on count 1 of case No. BF168492A, one year four months (one-third of the middle term) to be served consecutively to the sentence on count 1.

On December 18, 2019, defendant filed notices of appeal in each case.

## DISCUSSION

Defendant argues his prior prison term enhancements must be stricken based on the retroactive application of Senate Bills 136 and 483. The People agree, as do we.

Effective January 1, 2020, Senate Bill 136 amended section 667.5, subdivision (b) to limit application of prior prison term enhancements to only prior prison terms that were served for sexually violent offenses as defined by Welfare and Institutions Code section 6600, subdivision (b). (§ 667.5, subd. (b).) (Stats. 2019, ch. 590, § 1.) That amendment was applied retroactively, pursuant to *In re Estrada*, to all cases not yet final on Senate Bill 136's effective date. (*People v. Lopez* (2019) 42 Cal.App.5th 337, 341–342, citing *In re Estrada* (1965) 63 Cal.2d 740, 742.) Effective January 1, 2022, Senate Bill 483 added section 1171.1, which extended the modifications brought about by Senate Bill 136 to judgments already final on appeal. (Stats. 2021, ch. 728, § 3.) The Legislature explicitly expressed its intent that relief pursuant to section 1171.1 "not result

4.

in a longer sentence than the one originally imposed" and "that any changes to a sentence as a result of [Senate Bill 483] shall not be a basis for a prosecutor or court to rescind a plea agreement." (Stats. 2021, ch. 728, §§ 1, 3.)

Here, the trial court imposed three one-year section 667.5, subdivision (b) prior prison term enhancements based on defendant's prior prison terms served for convictions of possession of a firearm by a felon (former § 12021, subd. (a)(1)), possession of a controlled substance (Health & Saf. Code, § 11377, subd. (a)), and sale of a controlled substance (Health & Saf. Code, § 11379, subd. (a)), none of which is a sexually violent offense as defined in Welfare and Institutions Code section 6600, subdivision (b). On January 1, 2020, defendant's case was not yet final. Therefore, as the parties agree, defendant is entitled to the ameliorative benefit of Senate Bill 136's amendment to section 667.5, subdivision (b). Section 1171.1, subdivision (a), added by Senate Bill 483, also requires that defendant's prior prison term enhancement be stricken.[2]

Next, effective January 1, 2022, Senate Bill 567 amended section 1170, so that it now provides, "The court may impose a sentence exceeding the middle term only when there are circumstances in aggravation of the crime that justify the imposition of a term of imprisonment exceeding the middle term, and the facts underlying those circumstances have been stipulated to by the defendant, or have been found true beyond a reasonable doubt at trial by the jury or by the judge in a court trial." (§ 1170, subd. (b)(2).) Defendant was sentenced to the upper term of six years on count 1 of case No. BF168991A, and the trial court did not express its reasons for imposing the upper term. As the parties agree, Senate Bill 567 is retroactive to cases not yet final on appeal pursuant to *In re Estrada* (see *People v. Flores* (2022) 73 Cal.App.5th 1032, 1038–1039 [remanding for resentencing under another ameliorative amendment to section 1170 by

---

[2]    Because we must remand for resentencing pursuant to Senate Bill 567, we do not discuss whether remand for resentencing is required based on our striking of the prior prison term enhancements.

Senate Bill No. 567]) and defendant's sentence is not yet final.  Therefore, defendant is entitled to resentencing under Senate Bill 567.

## DISPOSITION

Defendant's sentence is vacated, defendant's prior prison term enhancements are stricken, and this matter—case Nos. BF164915A, BF168492A, and BF168991A—is remanded to the trial court for resentencing, and any required factfinding, consistent with Senate Bill 567.  In all other respects, the judgment is affirmed.